IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIFOR (INTERNATIONAL) AG and AMERICAN REGENT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ORBICULAR PHARMACEUTICAL TECHNOLOGIES PVT. LTD.,<br><br>Defendant. | C.A. No. 25-540-WCB |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO TRANSFER VENUE**

# **TABLE OF CONTENTS**

I. Introduction ................................................................................................................................ 1
II. Facts ........................................................................................................................................... 1
III. Argument .................................................................................................................................... 3
   A. Orbicular Has Not Shown the Transfer
      Would Serve the Interests of Convenience and Justice ....................................................... 4
     1. Private Interest Factors Weigh Heavily
        in Favor of Litigating This Case in This District ............................................................ 4
     2. Public Interest Factors Weigh Against Transferring This Action to New Jersey ........... 7
IV. Conclusion ................................................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Cases**

*1st Source Bank v. Merritt*,
    759 F. Supp. 2d 505 (D. Del. 2011) ................................................................................ 4

*Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co.*, Civ. No. 06-187 GMS,
    2006 WL 3783477 (D. Del., Dec. 21, 2006) ................................................................... 5

*Bayer Pharma AG v. Watson Labs., Inc.*, Civ. No. 14-804,
    2014 WL 2516412 (D.N.J. June 2, 2014) ..................................................................... 10

*C. R. Bard, Inc. v. Angiodynamics, Inc.*,
    156 F.Supp.3d 540 (D. Del. 2016) ................................................................................. 6

*Cashedge, Inc. v. Yodlee, Inc.*, Civ. No. 06-cv-0170,
    2006 WL 2038504 (D. Del. July 19, 2006) ............................................................ 10, 11

*Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, Civ. No. 01-cv-0199-SLR,
    2001 WL 1617186 (D. Del. Nov. 28, 2001) ................................................................... 5

*Deloitte Consulting v. Sagitec Solutions LLC*,
    692 F.Supp.3d 421 (Sept. 15, 2023) ............................................................................. 12

*Diamedica Therapeutics, Inc. v. Pra Health Scis., Inc.*, Civ. No. 18-1318,
    2020 WL 5633362 (D. Del. Sept. 21, 2020) ................................................................... 3

*In re Link_A_Media Devices Corp.*,
    662 F.3d 1221 (Fed. Cir. 2011) ...................................................................................... 6

*Jumara v. State Farm Insurance*,
    55 F.3d 873 (3d. Cir. 1995) ................................................................................. 3, 4, 12

*Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*, Civ. No. 14-874-SLR-SRF,
    2015 WL 4036951 (D. Del. July 1, 2015) ........................................................... 5, 7, 10

*Novo Nordisk Inc. et al v. Orbicular Pharmaceutical Technologies Pvt. Ltd..*,
    Civ. No. 22-cv-0856 (D. Del.) ........................................................................................ 5

*Rampart IC, LLC v. Egg Medical, Inc.*, Civ. No. 24-cv-00643-JCG,
    2025 WL 227287 (Jan. 17, 2025) ........................................................................... 11, 12

*Round Rock Rsch. LLC v. Asustek Comput. Inc.*,
    967 F. Supp. 2d 969 (D. Del. 2013) ............................................................................... 6

*Shutte v. Armco Steel Corp.*,
    431 F.2d 22 (3rd Cir. 1970) ............................................................................................ 4

*Telcordia Techs., Inc. v. Tellabs, Inc.*, Civ. No. 09-cv-2089,
    2009 WL 5064787 (D.N.J. Dec. 16, 2009) .............................................................. 10, 11

**Statutes**

28 U.S.C. § 1404(a) ........................................................................................................... 3

## I.   INTRODUCTION

Orbicular Pharmaceutical Technologies Private Limited ("Orbicular") seeks to transfer this Hatch-Waxman case to the District of New Jersey, contrary to the Plaintiffs' choice of forum.  Orbicular argues that Plaintiffs are litigating and have previously litigated patents that cover Injectafer® in New Jersey.  But at least one related matter is still pending in Delaware with another to follow shortly against the exact same party, Orbicular.  In these circumstances, Plaintiffs' choice of forum controls, and any efficiency to be gained from litigating in New Jersey is outweighed by the efficiency derived from keeping this action in Delaware.  Regardless, Orbicular's alleged efficiencies of transferring to New Jersey are insufficient to override Plaintiffs' choice.

## II.   FACTS

Defendant Orbicular is an Indian corporation with its principal place of business in India.  (D.I. 15 at 2.)  It submitted Abbreviated New Drug Application ("ANDA") No. 212136 seeking approval to market a generic version of Plaintiffs' Injectafer® (ferric carboxymaltose injection) in a dosage of 750 mg Iron/15 mL (50 mg Iron/mL) in the United States, including the State of Delaware.

Orbicular sent Plaintiffs a March 20, 2025 "Paragraph IV" notice challenging the Orange Book listed patents for Injectafer®, U.S. Patent Nos. 7,612,109;

1

7,754,702; 8,895,612; 11,433,091, and 11,478,502.[1] Accordingly, Plaintiffs sued Orbicular in Delaware on May 2, 2025 under the Hatch-Waxman Act. (D.I. 1.) Plaintiffs have previously sued other companies seeking to market generic versions of Injectafer® in both New Jersey and Delaware. *See, e.g.*, Declaration of Alexandra M. Joyce ("Joyce Decl.") Exh. 1, *Vifor (Int'l) AG v. Apotex Inc.*, Civ. No. 25-cv-00211-WCB (D. Del. Feb. 20, 2025) (the "Apotex Action"); Joyce Decl. Exh. 2, *Vifor (Int'l) AG v. Dr. Reddy's Lab'ys, Ltd.*, Civ. No. 3:24-6833-GC-JBD (D.N.J. June 7, 2024) (the "DRL Action"); Joyce Decl. Exh. 3, *American Regent, Inc. v. MSN Lab'ys Priv. Ltd.*, Civ. No. 3:24-10674 (D.N.J. Nov. 22, 2024) (the "MSN I Action"); Joyce Decl. Exh. 4, *Vifor (Int'l) AG v. MSN Lab'ys Priv. Ltd.*, Civ. No. 3:25-03286 (D.N.J. Apr. 25, 2025) (the "MSN II Action"); Joyce Decl. Exhs. 5, 6, *Vifor (Int'l) AG v. Mylan Lab'ys Ltd.*, Civ. No. 19-13955-FLW-DEA (D.N.J.) (the "Mylan and Sandoz Actions").[2]

On June 27, 2025, Orbicular filed its Answer to Plaintiffs' complaint and filed counterclaims for which it admitted venue is proper in this district. (D.I. 17 at 30.)

---

[1] Orbicular sent a second Paragraph IV notice letter to Plaintiffs dated July 10, 2025 challenging another Orange Book Patent, U.S. Patent No. 11,364,260. Plaintiffs will be filing suit in Delaware in response to this new Paragraph IV notice letter.

[2] The DRL Action and the Mylan and Sandoz Actions have since been dismissed. (Joyce Decl. Exh. 9, DRL Action at D.I. 89; Joyce Decl. Exhs. 10, 11, Mylan and Sandoz Actions at D.I. 246, 248.)

2

In other words, Orbicular agrees that venue in Delaware is proper—which is also Plaintiffs' chosen forum. Orbicular did not consider that only the actions against MSN remain in New Jersey—which are further advanced—while in Delaware, there are two actions currently pending and in the early stages, with a third forthcoming that will include the very same parties as in this action. No interests will be served and no efficiencies will be gained by a transfer to New Jersey, and Orbicular's motion should be denied.

## III.  ARGUMENT

A federal district court may transfer a case to another district where it may have been brought to serve "the interests of justice" or "for the convenience of [the] parties and witnesses." 28 U.S.C. § 1404(a). Assessing transfer under Section 1404 requires a two-part analysis. First, venue must have been proper in the transferee district. *Diamedica Therapeutics, Inc. v. Pra Health Scis., Inc.*, Civ. No. 18-1318, 2020 WL 5633362, at *2 (D. Del. Sep. 21, 2020).[3] If this step is satisfied, the Court assesses whether a transfer would be in the interests of justice. *Jumara v. State Farm Ins.*, 55 F.3d 873, 879 (3d. Cir. 1995). The burden of establishing the need for a venue change lies with Orbicular—"unless the balance of convenience of the parties is strongly in favor of [Orbicular], [Plaintiffs'] choice of forum should prevail" and

---

[3] Plaintiffs do not dispute that venue would be proper in New Jersey.

transfer should be denied. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d. Cir. 1970).

### A.   Orbicular Has Not Shown the Transfer Would Serve the Interests of Convenience and Justice

Orbicular's transfer motion should be denied because it has failed to meet its heavy burden to "establish that the balance of the interests strongly weighs in favor of transfer." *1st Source Bank v. Merritt*, 759 F. Supp. 2d 505, 510 (D. Del. 2011). In assessing this question, courts balance a series of "private" and "public" interest factors. *Jumara*, 55 F.3d at 879–80. Transfer will be denied "if the factors are evenly balanced or weigh only slightly in favor of transfer." *1st Source Bank*, 759 F. Supp. 2d at 510. The balance here weighs against transfer. The private factor of Plaintiffs' choice of forum outweighs all other considerations here, which are either neutral or tip in favor of this litigation remaining in Delaware.

### 1.   Private Interest Factors Weigh Heavily in Favor of Litigating This Case in This District

Plaintiffs' choice to bring this action in the District of Delaware is a "paramount" consideration and weighs heavily against transferring this action. *Shutte*, 431 F.2d at 25 ("[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail"). As courts in this jurisdiction have repeatedly explained, "the deference afforded plaintiff's choice of forum will apply as long as plaintiff has selected the forum for some legitimate

4

reason." *Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*, Civ. No. 14-874-SLR-SRF, 2015 WL 4036951, at *3 (D. Del. July 1, 2015) (internal quotations and citations omitted); *Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co.*, Civ. No. 06-187-GMS, 2006 WL 3783477, at *2 (D. Del., Dec. 21, 2006); *Cypress Semiconductor Corp. v. Integrated Cir. Sys., Inc.*, Civ. No. 01-cv-0199-SLR, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001). Indeed, Orbicular stated in its Answer that "Orbicular's ANDA Product will be imported, marketed, distributed, offered for sale, and/or sold in the United States, ***including in Delaware***. (D.I. 17 at 5 (emphasis added).) Orbicular has also previously availed itself of the benefits and obligations of Delaware by pursuing counterclaims in Delaware, and Plaintiffs' choice of forum should be given at least "substantial weight." *See, e.g.*, *Novo Nordisk Inc. et al v. Orbicular Pharmaceutical Technologies Pvt. Ltd.,* Civ. No. 22-cv-0856 (D. Del.) (Orbicular did not contest personal jurisdiction or venue and asserted counterclaims.)

Orbicular argues that Plaintiffs choice of forum should be given reduced weight because (1) Plaintiffs are not Delaware corporations and (2) that Plaintiffs "have repeatedly filed lawsuits in the District of New Jersey." (D.I. 15 at 12.) Orbicular premises its argument on the belief that several related actions are pending in New Jersey against numerous different defendants, and "one other lawsuit" against Apotex in Delaware "does not tilt the scale." (D.I. 15 at 12.) However, a

stipulation of dismissal has been filed in the DRL Action, leaving the MSN I Action and MSN II Action as the only related pending actions in New Jersey. (DRL Action at D.I. 89.) Further, the Apotex Action is pending in this judicial district, and Plaintiffs will be filing a second complaint against Orbicular in this judicial district in response to Orbicular's July 10, 2025 Paragraph IV notice letter. This "tilts the scale" in favor of Delaware, and this factor therefore weighs against transfer.

Orbicular's cited caselaw does not change this analysis. For example, in *In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011), the plaintiff had some connection to the proposed transferee forum (California). Here, however, Orbicular concedes that Plaintiffs are not New Jersey companies and do not have principal places of business in New Jersey; therefore, they have no connection to New Jersey. *Round Rock Rsch. LLC v. Asustek Comput. Inc.*, 967 F. Supp. 2d 969, 982 (D. Del. 2013) (denying transfer because "Plaintiff does not have the connections to California that the plaintiff in *Link_A_Media* did."). In fact, courts still give a plaintiff's preference significant weight where, as here, the chosen forum is not a home forum for the plaintiffs. *See C. R. Bard, Inc. v. Angiodynamics, Inc.*, 156 F.Supp.3d 540, 547 (D. Del. 2016) (denying motion to transfer because "[a]lthough Delaware is not the locus of any party's business activities, it is a neutral forum.").

Orbicular only argues that one other private factor—its choice of forum—favors transfer. (D.I. 15 at 12.) However, courts in Delaware "do[] not generally elevate a defendant's choice of venue over that of a plaintiff." *Merck*, 2015 WL 4036951, at *3. Orbicular has not provided any precedent to show that its choice of forum warrants overriding Plaintiffs' choice. And as discussed below in Section 3.A.2, the MSN I Action and MSN II Action pending in New Jersey will not involve the same witnesses, ANDA products, or labels, and there are no scheduled claim construction hearings given the dismissal of the DRL Action.

In sum, the private interest factors weigh heavily against transfer.

### 2. Public Interest Factors Weigh Against Transferring This Action to New Jersey

Orbicular asserts that only two of the six public interest factors favor transfer of this action to New Jersey—"avoid[ing] duplicative litigation that would necessarily exist" and the districts' relative caseloads. (D.I. 15 at 6-10.) First, Orbicular mistakenly premises its entire argument on an outdated belief that other Injectafer® Hatch-Waxman actions pending against multiple defendants are currently in New Jersey. Indeed, as previously discussed, there is a pending litigation in this District involving the exact same Asserted Patents between Plaintiffs and another ANDA filer, and there will soon be another pending litigation against Orbicular itself. *See* Joyce Decl. Exh. 1, *Vifor (Int'l) AG v. Apotex Inc.*, Civ. No. 25-cv-00211-WCB (D. Del. Feb. 20, 2025).

7

Hence, regardless of transfer, litigation of these Asserted Patents will continue in Delaware. Any transfer would therefore not "avoid duplicative litigation." In addition, the Apotex Action, like this action, is in the initial pleadings stage, while, for example, the MSN I Action in New Jersey is currently in the middle of fact discovery with claim construction deadlines having already passed. Joyce Decl. Exh. 7, *American Regent, Inc. v. MSN Lab'ys Priv. Ltd.*, Civ. No. 324-10674-GC-JBD, D.I. 37 at 2–4 (D.N.J. Mar. 3, 2025). Judicial efficiencies would be created by denying transfer to allow for the possibility of consolidating this action with the Apotex Action and the forthcoming second Orbicular action for the purposes of discovery. This factor therefore weighs against transfer.

In addition to the fact that two related actions will be pending in Delaware, Orbicular also incorrectly argues that "[n]ot only will this case involve many of the same facts and legal issues, but it will likely involve testimony from the same party witnesses" that were examined in previous actions. (D.I. 15 at 8.) However, the previous and pending New Jersey actions concern different accused products and different ANDAs submitted by different defendant parties. (*Compare* Joyce Decl. Exh. 2, *Vifor (Int'l) AG v. Dr. Reddy's Lab'ys, Ltd.*, Civ. No. 3:24-6833-GC-JBD, D.I. 1 at 1–2 (D.N.J. June 7, 2024) (action relating to ANDA No. 218848 filed by Dr. Reddy's Lab'ys, Ltd. and Dr. Reddy's Lab'ys, Inc.), *with* Joyce Decl. Exh. 4, *Vifor (Int'l) AG v. MSN Lab'ys Priv. Ltd.*, Civ. No. 3:25-03286, D.I. 1 at 1–2 (D.N.J.

8

Apr. 25, 2025) (action relating to ANDA No. 219580 filed by MSN Lab'ys Private Limited and MSN Pharmaceuticals Inc.), *with* Joyce Decl. Exhs. 5, 6, *Vifor (Int'l) AG v. Mylan Lab'ys Ltd.*, Civ. No. 19-13955-FLW-DEA, D.I. 1 at 1–2, D.I. 52 at 1–2 (D.N.J.) (action relating to ANDA Nos. 212572 and 211725 filed by Mylan Lab'ys. Ltd. and Sandoz Inc., respectively), *with* D.I. 1 at 1–2 (ANDA No. 212136 filed by Orbicular).) As a result, different Orbicular party witnesses will testify about different Orbicular party documents in this action compared to the New Jersey actions. The fact that Orbicular's ANDA Product will include the API supplied by MSN is of no consequence—Orbicular presumably has related documents and witnesses within its possession and control for the purposes of filing its ANDA with the FDA. And Orbicular's argument that the issues in this case concern the same asserted patents that were already examined in the Mylan and Sandoz Actions contradicts the fact that the Mylan and Sandoz Actions concerned only three of the six Asserted Patents. (Joyce Decl. Exhs. 5, 6, *Vifor (Int'l) AG v. Mylan Lab'ys Ltd.*, Civ. No. 19-13955-FLW-DEA, D.I. 1 at 1–2, D.I. 52 at 1–2 (D.N.J.) (action relating to ANDA Nos. 212572 and 211725 filed by Mylan Lab'ys. Ltd. and Sandoz Inc., respectively). In any event, the record from the Mylan and Sandoz Actions is equally available to this Court as it would be to the Court in New Jersey, meaning that this Court can reap any efficiencies available from those prior cases.

9

Orbicular's cited caselaw is inapposite. In *Bayer Pharma AG v. Watson Laboratories, Inc.* the related case in the transferee court involved "the same parties, the same ANDAs and the same products." *Bayer Pharma AG v. Watson Lab'ys, Inc.*, Civ. No. 14-804, 2014 WL 2516412, at *7–8 (D.N.J. June 2, 2014). But this action involves a different defendant, a different ANDA, and a different ANDA product—each of which cuts against Orbicular's argument that the interests of judicial economy favor transfer. *See Merck*, 2015 WL 4036951, at *3–4 (finding that "the instant case involves different defendants and different accused products" and denying defendant's motion to transfer venue out of Delaware).

Orbicular's reliance on *Telcordia Technologies, Inc. v. Tellabs, Inc.* and *Cashedge, Inc. v. Yodlee, Inc.* is likewise misplaced. In *Telcordia*, the Court explained that case management efficiencies would be created by transferring venue because the same judge heard all the related cases over 11 years in the transferee court. *Telcordia Techs., Inc. v. Tellabs, Inc.*, Civ. No. 09-cv-2089-JAG, 2009 WL 5064787, at *3 (D.N.J. Dec. 16, 2009) (considering "the eleven years of experience that the [transferee Court], and specifically Chief Judge Sleet, has with the patents" in granting the motion to transfer). In *Cashedge*, the transferee court had "conducted a two-hour technology tutorial . . . argued Markman issues in nine patents . . . and commenced discovery on seemingly related products and technologies" in a case involving the same parties. *Cashedge, Inc. v. Yodlee, Inc.*, Civ. No. 06-cv-0170,

10

2006 WL 2038504, at *2 (D. Del. July 19, 2006). Unlike in *Telcordia and Cashedge*, the Mylan and Sandoz Actions were before Chief Judge Wolfson, who has since retired. The MSN I Action and MSN II Action are before Judge Castner, but Judge Castner has not yet had to resolve any issues regarding the Asserted Patents or the technology in the case, nor has any technology tutorial or *Markman* hearing occurred. Further unlike *Cashedge*, the other Actions did and do not involve Orbicular. Orbicular has therefore failed to show that its single alleged public interest factor, "practical considerations that could make the trial easy, expeditious, or inexpensive," heavily favors transferring this action to New Jersey.

Orbicular argues that consideration of the districts' caseloads favors transfer. (D.I. 15 at 9.) But as Orbicular admits, the docket statistics show that "the relative administrative difficulty . . . resulting from court congestion" is comparable between the two courts. *See* Joyce Decl. Exh. 8, U.S. District Courts–Civil Statistical Tables For The Federal Judiciary (March 31, 2025), U.S. Courts, https://www.uscourts.gov/data-news/data-tables/2025/03/31/federal-court-management-statistics/n-a-3, at 3 (last accessed July 23, 2025) (reporting weighted filings of 598 and 600 for Delaware and New Jersey, respectively). Orbicular's argument that the number of open patent cases is larger in Delaware than in New Jersey is unpersuasive particularly when, as here, the case has been assigned to a visiting judge with a smaller district court docket than the active judges in the

District of Delaware. *See, e.g.*, *Rampart IC, LLC v. Egg Medical, Inc.*, Civ. No. 24-cv-00643-JCG, 2025 WL 227287, at *5 (Jan. 17, 2025) (finding the "court congestion" factor weighed slightly against transfer because the case "[had] been assigned to a visiting judge with a smaller district court docket than the active judges in the District of Delaware."); *see also Deloitte Consulting v. Sagitec Solutions LLC*, 692 F.Supp.3d 421, 437 (Sept. 15, 2023) (Bryson, J.) (this Court holding that despite the weighted filings being ***higher in Delaware*** than the transferee forum, the "court congestion" factor was offset because the case had been assigned to a visiting judge with a smaller district court docket than the active judges in Delaware) (emphasis added). Because the weighted filings are nearly identical and this case has been assigned to a visiting judge, this factor weighs slightly against transfer.

In totality, the public interest factors weigh against transfer.

## IV.  CONCLUSION

Orbicular falls far short of satisfying its burden to support its motion for transfer under the *Jumara* factors. Orbicular's motion to transfer to New Jersey must therefore be denied.

Dated: July 24, 2025

Of Counsel:

Jane M. Love, Ph.D.
Robert Trenchard
Brian J. Forsatz, Ph.D.
Allyson E. Parks
Michael Werno
Emil Nachman
Spencer W. Vaughan
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
212-351-4000
jlove@gibsondunn.com
rtrenchard@gibsondunn.com
bforsatz@gibsondunn.com
aparks@gibsondunn.com
mwerno@gibsondunn.com
enachman@gibsondunn.com
svaughan@gibsondunn.com

**MCCARTER & ENGLISH, LLP**

/s/ *Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs Vifor (International) AG and American Regent, Inc.*