# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIFOR (INTERNATIONAL) AG and AMERICAN REGENT, INC., | ) ) ) |
| Plaintiffs, | ) ) ) C.A. No. 25-540-WCB |
| v. | ) ) |
| ORBICULAR PHARMACEUTICAL TECHNOLOGIES PVT. LTD., | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF OR RELIEF FROM THE COURT'S AUGUST 22, 2025 MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

OF COUNSEL

Jeffrey R. Gargano
A. Rebekah Hill
K&L GATES LLP
70 W. Madison St., Suite 3300
Chicago, IL 60602
(312) 372-1121

Adam S. Berlin
K&L GATES LLP
609 Main St., Suite 4150
Houston, TX 77002
(713) 815-7373

Dated: September 16, 2025

Philip A. Rovner (#3215)
Andrew M. Moshos (#6685)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
amoshos@potteranderson.com

*Attorneys for Defendant*

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

    A. Plaintiffs' New Delaware Case Does Not Change The Overlap Of Issues Or Negate The Efficiencies That Would Be Gained By Transferring This Case To New Jersey................................................................................................2

    B. The Absence Of Claim Construction Disputes In The MSN Litigation Weighs Against Transfer................................................................................................3

II. CONCLUSION....................................................................................................................4

I.      INTRODUCTION

Plaintiffs' Motion for Reconsideration should be denied because the allegedly "new facts" presented by Plaintiffs do not change this Court's conclusion that the balance of the *Jumara* factors "weighs heavily in favor of transfer." (D.I. 30 at 7-10, 13). The Court was aware of the Plaintiffs' first "new fact"–that it intended to file a new complaint in response to a new Paragraph IV notice letter challenging another Orange Book listed patent–when it granted Orbicular's motion to transfer this case to New Jersey. (D.I. 23 at 2 n.1; D.I. 30 at 8). Plaintiffs argue that now that they have filed this complaint, a new 30-month stay is in effect for Orbicular's ANDA No. 212136, and this "new information shows further incongruity between this case and the MSN Litigation." (D.I. 32 at 3). But differences between this case and the MSN Litigation is not the appropriate inquiry. Practical considerations that could make a trial easy, expeditious or inexpensive is the standard, and a new 30-month stay does not change the fact that "given the overlap between this case and the MSN litigation, this factor weighs heavily in favor of transfer." (D.I. 30 at 10).

Next, Plaintiffs contend that the parties in the MSN Litigation reached agreement on all terms such that there are no claim construction disputes. (D.I. 32 at 3). Plaintiffs then speculate "if consolidated, Orbicular's claim construction disputes may inject disputes into the MSN Litigation that would not exist otherwise." *Id.* However, agreed upon claim constructions in the MSN Litigation could just as easily result in further efficiencies and provide yet another reason why the Orbicular case should be transferred to New Jersey. In any event, the pretrial scheduling order in the MSN Litigation clearly indicates that the case is in its infancy with "Disclosure of Asserted Claims" due September 17, 2025. (D.I. 32, Ex. 2). Contrary to Plaintiffs' initial position in opposition to Orbicular's motion, the MSN Litigation schedule clearly demonstrates that there are efficiencies to having the Orbicular and the MSN litigation proceed before the same court, regardless of whether the cases are consolidated or not.

Therefore, because Plaintiffs' alleged new developments do not change the public interest factor relating to practical considerations that could make the trial easy, expeditious, or inexpensive, Plaintiffs' motion for reconsideration should be denied.

### A. Plaintiffs' New Delaware Case Does Not Change The Overlap Of Issues Or Negate The Efficiencies That Would Be Gained By Transferring This Case To New Jersey

Plaintiffs filed a second Hatch-Waxman case against Orbicular in the District of Delaware on August 21, 2025.[1] *Vifor (Int'l) AG et al. v. Orbicular Pharm. Techs. Pvt. Ltd.*, C.A. No. 25-1051-WCB (2025). The second complaint alleges infringement of six patents: the same five patents asserted in this case, plus one additional Orange Book listed patent. The six patents asserted in the second complaint are the *same six patents* as those being asserted in the MSN Litigation. Plaintiffs contend that the second complaint, which was prompted by an additional Paragraph IV certification to the sixth asserted patent, triggers a new 30-month stay of final approval of Orbicular's ANDA No. 212136, that would expire in January 11, 2028, 4 months later than the original 30-month stay. (D.I. 32 at 3). Plaintiffs then argue that "the full 30-month stay–including the additional 4 months on top of the original stay-will be needed to resolve the matter, especially given the new patent added by Orbicular's second Paragraph IV letter." *Id.*

Plaintiffs' argument lacks merit. First, the additional patent addressed in Orbicular's second Paragraph IV letter is not new. As stated above, it is already asserted in the MSN Litigation. The Orange Book also reveals that this additional patent expires in January 8, 2027, and cannot be the basis for a 30-month stay to January 11, 2028, after patent expiry. Second, the full 30-month stay

---

[1] After this Court's decision granting Orbicular's motion to transfer on August 22, 2025, the Parties met and conferred regarding the second Hatch-Waxman complaint. During this meet and confer, Plaintiffs refused to withdraw the complaint in Delaware and refile in New Jersey. As a result, Orbicular will be filing a motion to transfer the second complaint to New Jersey.

2

will not be needed to resolve the matter against Orbicular. As is typical in Hatch-Waxman cases, the New Jersey court in the MSN Litigation has scheduled a trial for February 2027–a full seven months before the expiration of the 30-month stay in that case. (D.I. 32, Exhibit 2). Moreover, the MSN trial date of February 2027 is 25 months from the parties' exchange of Rule 26(a)(1) disclosures. *Id.* The MSN Litigation schedule could easily accommodate Orbicular, in which case there is no legitimate argument that practical considerations weigh against transfer. Even if, however, the Orbicular case is not consolidated with the MSN Litigation, the significant overlap of issues between the two cases remains, and there are significant efficiencies to be gained by having the same court oversee litigations involving the same patents, prior art, active pharmaceutical ingredient, fact and expert witnesses, documents, and invalidity and infringement positions. Plaintiffs' new complaint against Orbicular (and any resulting change in the 30-month stay) does not lessen the overlap between the cases. It only enhances it by adding an additional patent already asserted in the MSN Litigation. Therefore, the practical considerations that could make the trial easy, expeditious, or inexpensive still weigh heavily in favor of transfer.

**B.  The Absence Of Claim Construction Disputes In The MSN Litigation Weighs Against Transfer**

Plaintiffs allege that there are no claim construction disputes and thus no claim construction proceedings in the MSN Litigation. (D.I. 32 at 3). Plaintiffs then speculate that (i) *if* the Orbicular and MSN cases are consolidated, and (ii) *if* Orbicular raises claim construction disputes, then (iii) these disputes *may* inject disputes into the MSN Litigation that would not exist otherwise. *Id.* First, this argument is wildly speculative and not supported by any evidence. Orbicular and Plaintiffs could just as easily adopt the same agreed upon claim constructions as those agreed to in the MSN Litigation, leading to additional judicial and party efficiencies.

Plaintiffs' argument also ignores the myriad of potentially common disputes that could arise

3

in both this case and the MSN Litigation, e.g., patent priority dates, specification support for various claim terms, qualification of prior art, motivation to combine certain prior art references, infringement based on manufacturing steps conducted outside the United States. As this Court stated in its Memorandum Opinion and Order, "[h]aving those disputes resolved by the same court conserves judicial resources and minimizes the risk of inconsistent outcomes." (D.I. 30 at 9).

## II.   CONCLUSION

Plaintiffs' "new developments" do not change this Court's original conclusion that: "[b]alancing the [*Jumara*] factors, I find that the factors weigh heavily in favor of transfer." Accordingly, the Court should deny Plaintiffs' motion for reconsideration.

|  |  |
|---|---|
| OF COUNSEL | POTTER ANDERSON & CORROON LLP |
| Jeffrey R. Gargano<br>A. Rebekah Hill<br>K&L GATES LLP<br>70 W. Madison St., Suite 3300<br>Chicago, IL 60602<br>(312) 372-1121<br><br>Adam S. Berlin<br>K&L GATES LLP<br>609 Main St., Suite 4150<br>Houston, TX 77002<br>(713) 815-7373<br><br>Dated:  September 16, 2025<br>12464927 | By: */s/ Philip A. Rovner*<br>     Philip A. Rovner (#3215)<br>     Andrew M. Moshos (#6685)<br>     Hercules Plaza<br>     P.O. Box 951<br>     Wilmington, DE  19899<br>     (302) 984-6000<br>     provner@potteranderson.com<br>     amoshos@potteranderson.com<br><br>*Attorneys for Defendant* |

4