**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| VIFOR (INTERNATIONAL) AG and AMERICAN REGENT, INC., | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 25-540 |
| ORBICULAR PHARMACEUTICAL TECHNOLOGIES PVT. LTD., | § § § | |
| *Defendant*. | § § § | |

**MEMORANDUM OPINION AND ORDER**

On August 22, 2025, I transferred this case to the United States District Court for the District of New Jersey. Dkt No. 30. The plaintiffs, Vifor (International) AG and American Regent, Inc. (collectively "Vifor") have now sought reconsideration of the transfer order, asserting that "two new facts have arisen that may affect the basis for the Court's decision." Dkt. No. 32 at 1. The motion for reconsideration is denied.

The first fact raised by Vifor is that the plaintiffs have filed a second Hatch-Waxman Act lawsuit against Orbicular in the District of Delaware in response to a second Paragraph IV letter they received from Orbicular. *Id.* at 2. Because of the time gap between two cases, Vifor argues that consolidation of the transferred case with the MSN Litigation in New Jersey would be unlikely to result in any "significant additional efficiencies." *Id.* at 3.

Vifor's second fact is that the parties in the MSN Litigation in New Jersey have reached agreement on all claim construction issues, and that if there are claim construction disputes in this

1

case, the transfer "may inject disputes into the MSN Litigation that would not exist otherwise." *Id.*

When I entered the order transferring the first Orbicular case, I was aware of the second lawsuit that Vifor was planning to file against Orbicular in this district, and I took that impending lawsuit into account in deciding to transfer the first Orbicular case to New Jersey. *See* Dkt. No. 30 at 8–9. In addition, it is far from clear that the parties' agreement on claim construction in the MSN Litigation will significantly undermine the efficiency of having the two Vifor case proceed in tandem with the MSN Litigation in New Jersey. As Orbicular points out, the two cases now in New Jersey involve the same patents, the same prior art, the same active pharmaceutical ingredient, the same witnesses, and the same invalidity and infringement positions. Dkt. No. 35 at 3. Whether or not those cases are formally consolidated, it is clear that having all the cases proceed in the same district will make the proceedings there significantly more efficient than conducting largely parallel proceedings in the two districts.

As for the possibility that the parties will take inconsistent positions in the two litigations regarding claim construction, Vifor's suggestion to that effect is entirely speculative. And even if the parties take different positions on some issues, there are likely to be common disputes in this case and the MSN Litigation that will make the decisional process much more efficient and will avoid the risk of inconsistent outcomes on any such disputes.

In short, the reasoning behind this court's decision to transfer this case to New Jersey is still fully applicable. The two issues that Vifor has raised in its motion for reconsideration do not materially affect the court's judgment that this case belongs in New Jersey where the parallel cases that constitute the MSN Litigation are pending.

IT IS SO ORDERED.

SIGNED this 30th day of September, 2025.


WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE